IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NorthGate Centre Development, LLC,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-891 |
| | : | |
| v. | : | Judge Marbley |
| | : | |
| **Berkshire Township, Ohio, et al.,** | : | Magistrate Judge Deavers |
| | : | |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER**

The parties agree that protection of information produced in this action is warranted because the parties possess, control, or have in their custody certain non-public information that they consider confidential, the public disclosure of which would present the prospect of competitive and/or commercial harm.

Additionally, the parties acknowledge that, while each party is making and will continue to make diligent efforts to identify and withhold from production any and all documents and ESI protected by the work-product doctrine and/or the attorney-client privilege ("Privileged Material"), given the volume and nature of the material that may be exchanged, a possibility exists that Privileged Material may be produced inadvertently without intending a waiver of such protection or privilege.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, S.D. Ohio Civ. R. 79.3, and with the stipulation of the parties, it is hereby ORDERED:

1. <u>Definition and Designation of Confidential Material</u>. Any party to this action shall have the right to designate as "Confidential Material," and so cause it to be treated as "Confidential Material" under this Stipulated Protective Order, any material produced during

discovery, which in good faith the party determines to contain proprietary information, trade secrets, personnel records, or sensitive commercial information that is not publicly available. This includes, without limitation, documents or ESI produced by any third party or witness (including the production of documents or ESI in response to third party subpoenas), answers to interrogatories, responses to requests for admissions, declarations, affidavits, and deposition transcripts. Whenever practical, such designation shall be done by affixing a stamp or label on the material designated. Such designation shall be done either simultaneously with production or, if such designation is not done simultaneously with production, then as soon after production as practical and, in any event, not more than ten business days after production. Portions of deposition transcripts may be designated as "Confidential Material" on the record during the deposition or may be designated in a writing sent as quickly as practical after the transcript is received by both Parties (even if in rough form) and, in any event, not more than ten business days after the transcript is received by both Parties (even if in rough form). After such designation, such portions of the deposition transcripts shall be treated as "Confidential Material" under this Stipulated Protective Order. Only those portions of a deposition transcript that a party believes in good faith to contain information which is confidential shall be so designated.

    2. <u>Challenging a Designation.</u> No party to this proceeding shall be obligated to challenge the propriety of any designation by any other party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action as to the propriety of such designation. Further, notwithstanding anything else in this Order, any party may, at any time, request the removal or alteration of a "Confidential Material" designation or otherwise contest the "Confidential Material" designation of any Document, ESI or other material produced during discovery. To make such a request or otherwise contest such a

designation, a party must give counsel for the designating party written notice of its reasons for the objection and then meet and confer with counsel for the designating party in a good faith effort to resolve their differences. If, after the meet and confer, there is no resolution of the dispute, the party requesting removal of a designation or otherwise objecting to a designation, may, on duly noticed motion or conference with the Court, seek an order from the Court changing or removing the designation. The burden of establishing the entitlement to protection of the material whose designation is being challenged shall rest with the party that made the designation. Until the Court rules on such challenge, all the parties shall continue to treat the Document, ESI or other material as "Confidential Material" as designated in accordance with the provisions of this Order.

      3.    <u>Inadvertent Failures to Designate.</u> An inadvertent failure to designate qualified documents or material as "Confidential Material" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If such material is determined by a Party to be appropriate to be designated as "Confidential Material" after the material was initially produced, the party receiving such material, upon notification of the designation, must make reasonable efforts to assure that the material is treated as "Confidential Material" after such designation in accordance with the provisions of this Stipulated Protective Order.

      4.    <u>Restriction on Disclosure and Use.</u> No one may use or disclose "Confidential Material" except for purposes of this proceeding and as set forth in this Stipulated Protective Order or any further order of this Court; provided, however, that nothing contained in this Stipulated Protective Order shall affect the rights of a party or other witness to use or disclose its own "Confidential Material".

5. <u>Access to "Confidential Material"</u>. "Confidential Material" shall be available only to:

a. Any attorney in any law firm of record to this action as well as to regular employees or independent contractors of such attorney or law firms assigned to and necessary to assist in this matter; provided that such attorney of record and law firm take responsibility that such employees and independent contractors comply with this Stipulated Protective Order.

b. Any party, officer of a party, or employee of a party, who is needed to assist counsel of record during the course of this matter.

c. Any independent consultant or expert (including assistants and office personnel thereof) who is not in the employ of a party and who is directly and actively assisting an attorney of record for a party in this proceeding to the extent necessary for the conduct of this action, and who shall sign a copy of the "Acknowledgment Of Confidentiality Order And Agreement To Be Bound" as set forth as "Exhibit A" to this Order; a copy of such signed document shall be retained by counsel.

d. Any witness at a deposition or other proceeding in this case.

e. Deposition court reporters and related staff.

f. This Court and any Appeals Court having jurisdiction to review this Court's decision in this action and the personnel thereof, including court reporters (hereinafter, all references to the "Court" shall include Appeals Courts).

6. <u>Filing Confidential Material Under Seal</u>. Without written permission from the designating Party, no "Confidential Material" may be filed on the public record with the Clerk of Court other than under seal in accordance with the provisions of this Order. If a party seeks to file such "Confidential Material" under seal, then the party seeking to file such "Confidential

Material" shall file it in a sealed envelope as provided in S.D. Ohio Civ. R. 79.3 along with a motion seeking leave of Court to file under seal, which the designating Party shall have an opportunity to join. Should the Court decline to grant the motion for leave to file under seal, the material shall be returned to the moving party and shall not be made publicly available or available to any other party except as provided in this Order.

In the event of an appeal, the party preparing the appeal appendix shall separately bind all sealed documents and materials which are designated for inclusion in the appeal appendix. By joint motion, the parties shall request that the sealed contents of the appeal appendix be sealed, lodged with the Court, or otherwise segregated from public inspection in accordance with the local rules of the Court. The procedures set forth in this Section shall be repeated for all sealed documents and materials in each Court where a hearing, proceeding, or appeal is docketed.

7. <u>Redacted Filings.</u> Redacted versions of sealed documents and materials may be filed with the Court in accordance with normal procedures and made publicly available provided that:

    a.    All "Confidential Material" and all passages in which such Material is quoted, incorporated, or cited are redacted from such filings; and

    b.    Redacted versions are clearly marked "Public Version - Confidential Material Omitted" or marked in a substantially similar manner. Redacted versions must also clearly identify each place where information or exhibits have been redacted. A notation to the effect of "redacted" will be sufficient.

8. <u>Disclosure Pursuant to Subpoena.</u> If a party in possession of "Confidential Material" receives a subpoena or other compulsory process in any other proceeding or litigation seeking production or other disclosure of such "Confidential Material," that party shall give

written and telephone notice to counsel for the producing party within ten days after receipt of the subpoena or other compulsory process, or as soon as practical if the subpoena or other compulsory process calls for the production of such "Confidential Material" within ten days, identifying the "Confidential Material" sought and enclosing a copy of the subpoena or other compulsory process. If the producing party timely seeks a protective order, the party to whom the subpoena or other compulsory process was issued or served shall not produce the "Confidential Material" sought by the subpoena or other compulsory process prior to receiving a court order or the consent of the producing party. In the event that such "Confidential Material" is produced, such material shall continue to be treated as "Confidential Material" by the parties to this Order.

    9.    <u>Disclosure to Authors and Previous Recipients</u>. The fact that a Document, item of ESI or other material produced in discovery is "Confidential Material" shall not preclude any party from showing such "Confidential Material" to any person who appears as the author, source of, or as the recipient on the face of such "Confidential Material."

    10.    <u>Disclosure of Party's Own Information</u>. Nothing in this Order shall limit in any manner a party's own use and disclosure of any "Confidential Material" from the party's own files that the party itself designated as "Confidential Material."

    11.    <u>Procedure for Seeking Additional Disclosures.</u> Prior to any disclosure of any "Confidential Material" beyond what is permitted in this Order, counsel for the party desiring to make such disclosure shall first provide written notice of its desire to make such disclosure to counsel for the producing party or witness, identifying the specific material to be disclosed, and the manner and extent of the desired disclosure. If within ten business days from the receipt of such notice the producing party or witness responds with a written refusal to permit the proposed

disclosure, then counsel for the party requesting disclosure and for the producing party or witness shall meet and confer within an additional ten business day period in a good faith effort to resolve their differences. If, after the meet and confer, there is no resolution of the dispute, the party desiring the disclosure may, upon duly noticed motion or conference with the Court, seek an order from the Court permitting the disclosure Modification of This Order.

12. <u>Inadvertent Failure to Withhold Privileged Material.</u> A Party who produces or discloses any Privileged Material without intending to waive the claim of privilege associated with such Privileged Material may, within ten days after the producing party actually discovers that such inadvertent production or disclosure occurred, amend its discovery response and notify the other party that such Privileged Material was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party shall: (a) promptly return the specified Privileged Material and any copies thereof; (b) retrieve from any third parties to which the requesting party has disclosed such Privileged Material such material and any copies thereof, and any notes or any other documents or ESI such third party created that reflect the contents of the Privileged Material; (c) destroy, and certify such destruction to the producing party, of any notes or any other documents or ESI it or third parties created that reflect the contents of the Privileged Material; and (d) refrain from disclosing the substance of such Privileged Material to any third-party. By complying with these obligations, the requesting party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Privileged Material. In the event of a challenge by the requesting party to the assertion of privilege with respect such inadvertently produced document or ESI, the party asserting the privilege shall submit such document or ESI to the Court for *in camera* inspection. Upon

compliance with this paragraph by the producing Party, inadvertent disclosure of Privileged Material shall not be deemed a waiver with respect to the particular item of Privileged Material, or other documents and ESI involving similar subject matter.

13. <u>Effect of This Order.</u> This Stipulated Protective Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from inadvertent disclosure of privileged or attorney work product information. This Order does not preclude the parties from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review. This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided for by this Order.

14. <u>Final Disposition.</u> Upon the final disposition of this action, the attorneys for the parties shall retrieve and return any "Confidential Material" to the party from whom it was obtained or destroy such Material and all copies thereof, pursuant to the instructions of the designating party, unless otherwise agreed to in writing by the designating party or as ordered by the Court. If no instructions are received, all "Confidential Material" shall be destroyed within 60 days after the conclusion of a final non-appealable order or determination. Notwithstanding the above, counsel of record shall be entitled to maintain one set of documents and other materials (including those filed with the Court), which may contain or reflect "Confidential Material." When "Confidential Material" has been destroyed pursuant to this provision, a

certificate of destruction shall be prepared and provided to counsel for the opposing party indicating such "Confidential Material" has been destroyed.

15. <u>Termination</u>. The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the producing party or witness agrees otherwise in writing or the Court orders otherwise.

So ORDERED AND SIGNED this 19th day of February, 2014.

_____
Honorable Elizabeth A. Preston Deavers
U.S. District Court Southern District of Ohio

Stipulated and Approved by:

/s/ Barton R. Keyes
Rex H. Elliott          (0054054)
Charles H. Cooper, Jr. (0037295)
Barton R. Keyes         (0083979)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (Facsimile)
rexe@cooperelliott.com

Attorneys for Plaintiff
NorthGate Centre Development, LLC

/s/ Patrick Kasson
Patrick Kasson          (0055570)
Reminger Co., L.P.A.
65 East State Street, 4th Floor
Columbus, Ohio 43215
(614) 232-2418
(614) 232-2410 (Facsimile)
PKasson@reminger.com

Attorney for Defendants

9

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NorthGate Centre Development, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:13-cv-891** |
| | : | |
| v. | : | **Judge Marbley** |
| | : | |
| **Berkshire Township, Ohio, et al.,** | : | **Magistrate Judge Deavers** |
| | : | |
| **Defendants.** | : | |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY
## ORDER AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Ohio in the case of *NorthGate Centre Development, LLC v. Berkshire Township, Ohio, et al.,* Case No. 2:13-cv-891. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective Order even if such enforcement proceedings occur after termination of this action.

Signature: _____

Printed name: _____

Date: _____

City and State where declared and signed: _____